Matthew J. Jasen, J.
This action seeks a declaratory judgment as to the rights and other legal relations of the parties created by a contract of insurance. It also seeks an order that the court direct the defendant insurance company to defend a lawsuit now pending against the plaintiff.
Plaintiff is the owner and operator of a retail store selling sporting goods. On or about November 18, 1955, the defendant insurance company issued to defendant an owners’, landlords’ and tenants’ liability policy No. 15 GS 325. On December 6, 1956, plaintiff herein was served with a summons and complaint in an action instituted by one Oliver for damages to his son as the result of the plaintiff having allegedly sold certain blank cartridges to a boy 13 years of age on or about August 21, 1956. Plaintiff notified the insurance company of these events and the insurance company advised the plaintiff that the policy afforded no coverage and defendant refused to represent the plaintiff herein.
Plaintiff contends that the policy issued by said defendant does afford coverage and brought action against the defendant in that the damages sustained arose out of a hazard covered by the policy of insurance.
Under its definition of hazards, Division 1, which reads 1 ‘ Premises — Operations — The ownership, maintenance or use of the Premises, and all operations necesary or incidental thereto,” plaintiff differentiates between the meanings of the words ‘ ‘ hazard ’ ’ and ‘ ‘ accident ’ ’ and maintains that coverage is effectuated under his interpretation of the former word. He defines a hazard as a danger or risk lurking in a situation which by chance could develop into an active agency of harm; an accident, he says, is an unforeseen event occurring without the will or design of the person whose mere act causes it.
Plaintiff contends that the hazard is the maintenance and operation of the store and that the making of the sale, which took place on the premises, was a part of the use a store owner would make of the premises. This “ hazard ”, he claims, was covered by the definition of hazards.
Plaintiff concedes that under Division 4 “Products ”, he did not have products coverage (since no premium was paid) and concedes further that under Division 1 products coverage is excluded by the exclusion clause of the policy.
Thus, basically, the question involved is whether the act of selling is a hazard within the meaning of Division 1. It is needless for this court to enter into an argument of semantics concerning the definition of the word “hazard” and “accident ”. The distinction, if any, is not relevant herein. This *812 court finds that a product was involved in the instant case and that the act of selling and its possible results were not within the purview of Division 1.
The court cannot help but comment that the language, both in extent and ambiguity, in modern insurance policies is an abomination. Inclusions, exclusions, definitions and coverages set forth in the contracts present the most formidable type of obfuscation which no trained person, let alone a layman, can truthfully say is anything but the cant of the insurers. It is, unfortunately, not within the province of this court to order that policies be written briefly and lucidly.
In view of the foregoing, this court dismisses the complaint herein and grants an affirmative judgment in favor of the defendant adjudging and declaring that the defendant has no obligation to the plaintiff in this action as respects the action instituted in this court by William K. Oliver, an infant, by 0. Neale Oliver, his guardian ad litem, and C. Neale Oliver, as plaintiffs, against Ian McPherson, Caroll W. McPherson, Elizabeth B. McPherson and William Brainard, as defendants.
Prepare order accordingly.